UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID MIDKIFF and<br>SANDRY MIDKIFF,<br><br>    Plaintiffs,<br><br>v.<br><br>3M COMPANY, AS SUCCESSOR BY<br>MERGER TO MINNESOTA MINING &<br>MANUFACTURING COMPANY AND/OR<br>ITS PREDECESSORS/SUCCESSORS IN<br>INTEREST<br>and<br>MINE SAFETY APPLIANCES,<br><br>    Defendants. | Cause No. 4:08-CV-01221 |

## MEMORANDUM OF LAW IN SUPPORT OF MINE SAFETY APPLIANCES, COMPANY'S MOTION FOR SUMMARY JUDGMENT

The uncontroverted material facts establish that Plaintiffs David Midkiff and Sandry Midkiff's causes of action accrued more than five years before they filed this lawsuit. Accordingly, Plaintiffs' claims are barred by the applicable statute of limitations and Defendant Mine Safety Appliances Company is entitled to judgment as a matter of law.

### I. STATEMENT OF FACTS

Plaintiffs David Midkiff and Sandry Midkiff, husband and wife, filed this lawsuit on August 20, 2008, seeking to recover damages for personal injuries allegedly caused by David Midkiff's exposure to silica dust at his work place. Plaintiffs' Complaint includes four common law claims against Defendant Mine Safety Appliances Company (hereinafter "MSA"): 1) product liability; 2) breach of warranty; 3) negligence; and 4) loss of consortium. *See* Plaintiffs' August 21, 2008 Complaint, Docket Document #1.

Plaintiffs allege that David Midkiff was exposed to silica dust throughout the course of his employment at ISP Minerals, Inc. (hereinafter "ISP") from March 27, 1972 to September 10, 2003. *See id.* ¶¶ 12-13. Plaintiffs further allege that during the "early part" of David Midkiff's career, he used the Dustfoe respirator designed and manufactured by MSA, and that said respirator failed to perform properly thereby causing or contributing to cause David Midkiff to develop silica dust induced airway obstruction. *See id.* ¶¶14-17.

On February 3, 2010, Plaintiff David Midkiff appeared for his deposition in this case. At that time, Plaintiff presented two documents evidencing a Workers' Compensation claim filed and settled by Plaintiff in connection with the alleged silicosis diagnosis. *See* Exhibit A (2/3/10 Deposition of D. Midkiff) at p. 5 ln. 18 – 21; *see also* Exhibit B (Claim for Compensation) and Exhibit C (Stipulation for Compromise Settlement). Under examination by his own attorney, Plaintiff David Midkiff freely and willing admitted that in July 2003 he filed a Workers' Compensation claim for his alleged silicosis injury arising out of his employment at ISP and that the date of onset of that injury was January 2, 2003. Exhibit A p. 8 ln.19-25, p. 9 ln. 1-3, p. 12 ln. 1-3.

More specifically, Plaintiff admitted that a Workers' Compensation claim form dated January 7, 2003 completed in his name, and signed by his attorney, alleged that on January 2, 2003, David Midkiff had suffered an occupational disease, which was identified as silicosis caused by "long-term exposure and inhalation of the silica dust while in the course and scope of employment...." *See* Exhibit A p. 8 ln. 5-18; *see also* Exhibit B. Plaintiff freely and willing gave his attorney full and complete authority to file said Workers' Compensation claim on his behalf. Exhibit A p. 7 ln. 19- 25, p. 8 ln. 1-4.

Plaintiff subsequently settled the July 2003 Workers' Compensation claim for silicosis and entered into a Stipulation for Compromise Settlement in which he stipulated under oath that he sustained his alleged occupational disease on or about January 2, 2003. *See* Exhibit C. At that time, Plaintiff was represented by counsel and he entered into the settlement freely and willingly. Exhibit A p. 10 ln. 10-12, 21-23. In his February 3, 2010 sworn statement, Plaintiff acknowledged his signature on the Stipulation for Compromise Settlement and admitted under oath that he signed the Stipulation voluntarily, without coercion, and without duress. *Id.* p. 9 ln. 16-24, p. 10 ln. 13-20.

Upon executing the Stipulation for Compromise Settlement, Plaintiff received payment of $30,000 as settlement for his Workers' Compensation claim for silicosis that he claimed he sustained on January 2, 2003. *Id.* p.10 ln. 24-55; p. 13 ln. 8-12. At the time Plaintiff settled his Workers' Compensation claim and executed the Stipulation for Compromise Settlement, he knew that the claim was based on his allegation that he had developed silicosis by January 2, 2003. *Id.* p. 11 ln. 16-15.

## II. ARGUMENT

### A. STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate when the evidence before the court establishes that there is no issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). While the moving party bears the initial burden of showing the non-existence of an issue of fact, once that burden is met, the non-moving party must present affirmative evidence and specific facts showing the existence of a genuine dispute and they may not rely on the mere allegations in their pleadings. *Hernandez v. Jarman*, 340 F.3d 617, 622 (8th Cir. 2003).

### B. PLAINTIFFS' CAUSES OF ACTION WERE BARRED BY THE FIVE-YEAR STATUTE OF LIMITATIONS

There is no genuine dispute that Plaintiffs' causes of action accrued on or before January 2, 2003, and that Plaintiffs' claims were barred by the statute of limitations when this action was filed on August 20, 2008. Accordingly, MSA is entitled to judgment as a matter of law.

In Missouri, the statute of limitations in product liability and personal injury actions is five years from the date the cause of action accrued. Mo. Rev. Stat, §516.120(4).[1] A cause of action is deemed to accrue when the alleged injury is "sustained and capable of ascertainment." Mo. Rev. Stat, §516.100. Missouri courts have emphasized that "a cause of action accrues when the injury is manifested" recognizing that the statute focuses on the damage and not the discovery of its cause." *King v. Nashua Corp.*, 763 F.2d 332, 333 (8th Cir. 1985). While courts have recognized some exceptional cases, an injured party has a duty to exercise reasonable diligence in ascertaining whether a cause of action exists. *In Re Tetracycline Cases*, 729 F.Supp. 662, 665 (W.D. Mo. 1989). Accordingly, the statute of limitations begins to run when the cause of the injury is "*capable* of ascertainment." *King*, 763 F.2d at 333 (emphasis added).

Furthermore, under Missouri law, a claim for loss of consortium is derivative of the injured spouse's claim, and therefore, governed by the same limitations period. *Kamerick v. Dorman*, 907 S.W.2d 264, 267 (W.D. Mo. App. 1995). Here, Plaintiff Sandry Midkiff's cause of action for loss of consortium is based on the same allegations of negligence and injury set forth in Plaintiff David Midkiff's causes of action against MSA. *See id.* ¶76. Accordingly, her loss of consortium claim is governed by the same five-year limitations period. *See Kamerick*, 907 S.W.2d at 267.

---

[1] "A federal court exercising its diversity jurisdiction must apply the law of the forum when ruling on statutes of limitations." *Nettles v. American Te. And Tel. Co.*, 55 F.3d 1358 (8th Cir. 1995)

In this case, Plaintiff David Midkiff filed a Workers' Compensation claim in July 2003, claiming that as of January 2, 2003 he had developed silicosis as a result of "long-term exposure and inhalation of the silica dust while in the course and scope of employment." *See* Exhibit A at p. 8 ln. 11-24, p. 11 ln. 16- 25; *see also* Exhibit B and Exhibit C. Plaintiff's own admissions establish that his alleged injuries had manifested and he had ascertained the alleged cause of the injuries by January 2, 2003. Accordingly, there is no genuine issue as to the date Plaintiffs' causes of action accrued.

Under examination by his own attorney, Plaintiff freely and willingly admitted that in July 2003, he authorized his attorney to file a Workers' Compensation claim on his behalf wherein he sought compensation for silicosis that he believed he had developed by January 2, 2003 as a result of exposure to silica dust in the course of his employment at ISP. *See* Exhibit A pp. 7-8. Plaintiff further admitted that at the time he settled his Workers' Compensation claim for $30,000, he was represented by counsel, and he executed the Stipulation for Compromise Settlement voluntarily, without coercion, and with full knowledge that the claim being settled was based on his allegation that by January 2, 2003 he had developed silicosis as a result of exposure to silica dust in his employment. *See id.* pp. 9-11.

Based on Plaintiff's own admissions, and the representations made in the Claim for Compensation (Exhibit B) and Stipulation for Compromise Settlement (Exhibit C), there is no genuine dispute that Plaintiffs' causes of action accrued on or before January 2, 2003, and their claims were time barred when this lawsuit was filed on August 20, 2008.

## III. CONCLUSION

For the reasons set forth herein and in Defendant's Motion for Summary Judgment and Statement of Uncontroverted Material Facts, incorporated herein by reference, Defendant Mine Safety Appliances Company is entitled to judgment as a matter of law.

Respectfully submitted,

/s/ Sarah J. Hugg
W. Jeffrey Muskopf - #71431
Michael J. Smith - #57972
Sarah J. Hugg # 499126
LASHLY & BAER, P.C.
714 Locust Street
St. Louis, Missouri 63101
Telephone: (314) 621-2939
Facsimile: (314) 621-6844
jmuskopf@lashlybaer.com
msmith@lashlybaer.com

ATTORNEYS FOR DEFENDANT MINE
SAFETY APPLIANCES COMPANY

## PROOF OF SERVICE

I hereby certify that on March 9, 2010, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following parties:

- Zane T. Cagle – zane@pagecagle.com
- John J. Kurowski - jkurowski@cateskurowski.com
- Lawrence R. King – lking@larsonking.com
- Candice Kusmer – ckusmer@kbslf.com
- Michael B. Martin – mbmartin@mmmllp.com
- W. Jeffrey Muskopf – jmuskopf@lashlybaer.com
- Patrick E. Foppe – pfoppe@lashlybaer.com
- Bernadette Weaver-Catalana – bcatalana@osbornreed.com

I have mailed a copy to the following parties:

Daniel C. Adams
Larson King, LLP
30 E. Seventh Street
2800 Wells Fargo Place
St. Paul, MN 55101


/s/ Sarah J. Hugg