UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID MIDKIFF, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 4:08CV1221RWS |
| | ) | |
| 3M COMPANY, as Successor by Merger | ) | |
| to Minnesota Mining and | ) | |
| Manufacturing Company, and/or | ) | |
| Its Predecessors/Successors | ) | |
| in Interest, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT 3M COMPANY'S SUPPLEMENTAL BRIEF
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

For its Supplemental Brief In Support Of Its Motion For Summary Judgment

pursuant to this Court's January 19, 2010 Order, Defendant, 3M Company, states as

follows:

## I.   BACKGROUND OF 3M'S SUMMARY JUDGMENT MOTION AND SUBSEQUENT PLEADINGS

3M Company filed its Motion For Summary Judgment and Memorandum of Law

In Support Thereof on December 17, 2009, arguing that Plaintiffs' claims were barred by

Missouri's five-year statute of limitations for product liability and bodily injury claims

because it is undisputed that David Midkiff's (hereinafter "Plaintiff") injuries were

capable of ascertainment more than five years before he filed this lawsuit on August 21,

2008. *See* Docket Entry Nos. 36 and 37.

Under Missouri law, a cause of action does not accrue when a plaintiff

"discovers" his injury.  Instead, a cause of action accrues when plaintiff's damages are

*sustained* and *ascertainable*.   Mo. Rev. Stat. § 516.100.   *See also H.R.B. v. Rigali,* 18 S.W.3d 440, 443 (Mo. Ct. App. 2000).   Missouri has specifically rejected a "discovery" rule to determine when a cause of action accrues.   *Harris-Laboy v. Blessing Hosp., Inc*, 972 S.W.2d 522, 524 (Mo. Ct. App. 1998).   Thus, damage is sustained and capable of ascertainment when it can be discovered or made known, not when the plaintiff *actually* discovers the injury or wrongful conduct.   "The statute focuses on the damage and not the discovery of its cause."[1] *King v. Nashua Corp.*, 763 F.2d 332, 333 (8th Cir. 1985).

In this instance, Plaintiff filed his action for damages resulting from exposure to silica dust due to the use of allegedly defective respiratory protection products manufactured by 3M on *August 21, 2008*.   *See* Docket Entry No. 1.   3M previously argued in its Motion for Summary Judgment and Memorandum of Law In Support Thereof that the undisputed facts of this case show that Plaintiff's damages were sustained, diagnosed, ascertainable and in fact, *known* by Plaintiff more than five years before he filed his action (i.e., *before* August 21, 2003).   *See* Docket Entry Nos. 36 and 37.

---

[1]   However, the Missouri Supreme Court case of *Elmore v. Owens-Illinois, Inc.*, 673 S.W.2d 434 (Mo. banc 1984), involving Plaintiff's exposure to *asbestos* fibers, specified that a *diagnosis* of injury was necessary in order for the statute of limitations time to begin running:

> Although [plaintiff] knew as early as 1973 that he had shortness of breath, and knew also, from reading publications of his union, that long-term breathing of asbestos caused asbestosis, he did not know that his condition was asbestosis until it was diagnosed by his physician on May 13, 1976.   It was not until such diagnosis was made that the character of the condition (asbestosis) and its cause (breathing asbestos dust) first "came together" for the plaintiff.   Thus, plaintiff's cause of action accrued on May 13, 1976, the date of the diagnosis made by his doctor at her office in Kansas City and was not barred by Missouri's five-year statute, the appropriate statute of limitations.

*Id* at 436.

In support of its Motion, 3M cited Dr. Peter Tuteur's August 2, 2002, medical record *diagnosing* Plaintiff with **"*physiologically and radiographically significant silicosis* associated with impairment of gas exchange exercise as well as a reduced diffusing capacity.**"  3M further cited Dr. Michael Toney's medical records of February 4, 2003, and August 18, 2003, where Plaintiff *reported* the silicosis diagnosis to Dr. Toney, and also reported a specialist's advice that he should not be working.  (*See* Docket Entry 37, Exhibits B-E.)

Plaintiff filed his Response To Defendant 3M's Motion For Summary Judgment on January 5, 2010, alleging that Plaintiff was confused as to his "actual medical condition" between the years 2002 and 2003 because of "conflicting medical reports" from his doctors, and was "unable to ascertain whether he suffered from any occupational lung disease and whether he had a compensable injury or an ordinary disease of life." *See* Docket Entry No. 39.  Plaintiff referred the Court to the August 14, 2002,[2] medical record of W. Mark Breite, M.D., a pulmonologist at Thoracic & Critical Care Medicine in Festus, Missouri.  *See* Docket Entry No. 39, Exhibit A.

Dr. Briete's office note indicated that Plaintiff reported Dr. Tuteur's diagnosis of silicosis, but that Dr. Breite opined the "patient does not have a typical pattern for this disorder in [his] opinion and [he] respectfully disagree[s] with Dr. Tutor [*sic*]."  *Id.* Plaintiff argued that because of this August 14, 2002, note, and because "Dr. Breite had been treating Mr. Midkiff for a longer period of time," he could not have been placed on notice of his injury "at the time of Dr. Tuteur's diagnosis in 2002."  *See* Docket Entry No. 39.

---

[2]   Plaintiff's August 14, 2002, office visit with Dr. Briete occurred twelve days after Dr. Tuteur diagnosed him with silicosis.

Moreover, Plaintiff relied on a self-serving Affidavit attached as Exhibit D to his Response, which conveniently attempted to explain that he was unsure of his medical condition until a *second* doctor, Dr. Joseph Ojile, diagnosed him with silicosis on September 10, 2003, within the five-year statute of limitations.  *See* Docket Entry No. 39, Exhibit D.  However, "[e]ven then," Plaintiff alleged, he "was unsure of his actual diagnosis and medical condition."[3]  *Id.*  Under these facts, Plaintiff argued, a reasonably prudent person "would not necessarily believe he had silicosis."   *See* Docket Entry No. 39.

## II.    THE COURT'S JANUARY 19, 2010, ORDER

On January 19, 2010, this Court granted Plaintiff's Motion For Leave To File Surreply, and granted the parties until March 15, 2010 "to conduct discovery, including necessary depositions, on the issue of when [Plaintiff's] injuries were reasonably capable of ascertainment."  *See* Docket Entry No. 42.  Additionally, the Court ordered that the parties "shall submit simultaneous supplemental briefs, with supporting documentation, on the statute of limitations issue no later than April 15, 2010."[4]  *Id.*

As discussed below, additional facts discovered pursuant to the Court's Order and since the time Plaintiff filed his response make it plain that **he was in fact aware of his diagnosis, and believed that he had silicosis**, at least as early as January 2003, more than five years before he filed this suit.

---

[3]     3M filed its Reply To Plaintiff's Response To 3M's Motion For Summary Judgment on January 12, 2010; Plaintiff then filed his Motion For Leave To File Surreply on January 14, 2010.  *See* Docket Entry Nos. 40 and 41, respectively.

[4]     At a March 4, 2010, hearing on other matters, the Court entered an Order at the suggestion of the parties stating that co-defendant, MSA, shall move for summary judgment no later than March 12, 2010; that Plaintiff's response would be due no later than March 31, 2010; and that Defendants' replies would be due no later than April 7, 2010. *See* Docket Entry No. 52.

III.    IN ADDITION TO THE PLEADINGS PREVIOUSLY FILED IN SUPPORT OF 3M'S MOTION FOR SUMMARY JUDGMENT, PLAINTIFF'S FEBRUARY 3, 2010, DEPOSITION TESTIMONY CONCLUSIVELY DEMONSTRATES THAT 3M'S MOTION FOR SUMMARY JUDGMENT SHOULD BE GRANTED.

Pursuant to the Court's Order, the Plaintiff's deposition was taken on February 3, 2010.  Immediately before the deposition, however, counsel for Plaintiff showed defense counsel two Workers' Compensation documents that had not been produced in discovery. These documents were marked as Exhibits 1 and 2 and are attached to the February 3, 2010, deposition transcript.  Copies of them are included as composite Exhibit A hereto. With regard to these exhibits, counsel for Plaintiff, Michael Martin, made a preliminary statement on the record indicating the following:

> With regard to the two exhibits I marked, I marked Midkiff 1 and Midkiff 2, which I'm going to show Mr. Midkiff. These documents came out of his claim for Workers' Compensation file.  That file was finally produced to us in its entirety within the last 30 days and since the filing of the motion for summary judgment by 3M.  So I don't know that counsel, being myself or 3M's counsel, had available to it these Workers' Compensation claim documents, which are important for purposes of the discussion of summary judgment proceeding.

(Deposition Transcript of David Midkiff dated February 3, 2010, p. 6 and Exhibits 1 and 2 attached thereto; attached as Exhibit A.)

Mr. Martin then briefly questioned Plaintiff regarding the Exhibits.  Plaintiff admitted in his testimony that Exhibit 1 was a Workers' Compensation claim dated January 7, 2003, and signed by Plaintiff's then Workers' Compensation attorney, Mr. Weigley.  *Id,* p. 7.  Plaintiff further acknowledged that he had freely and willingly authorized Mr. Weigley to act on his behalf in making the Workers' Compensation claim arising out of his employment at ISP.  *Id,* pp. 7-8.  Plaintiff agreed that the "Date of

Accident/Occupational Disease" listed on the claim was January 2, 2003, and that the specified injury for the claim (located in "Box 8") was that "long-term exposure and inhalation of the silica dust while in the course and scope of employment has caused *silicosis*." *Id,* p. 8 (emphasis added).

Moreover, as to Exhibit 2, Plaintiff admitted that the exhibit was a notarized document entitled "Stipulation For Compromise and Settlement" containing both Plaintiff's signature and Plaintiff's Workers' Compensation counsel's signature, reflecting settlement of Plaintiff's Workers' Compensation claim. *Id*, pp. 9-10.  Plaintiff further admitted that he entered into this settlement freely and willingly and signed the stipulation voluntarily, without duress. *Id* at p. 10.

In *direct contrast to Plaintiff's December 28, 2009, Affidavit*, Plaintiff acknowledged that, when he signed Exhibit 2 and settled his Worker's Compensation claim, he *knew* that he was alleging that January 2, 2003, was the date by which he had suffered from an occupational injury as a result of silicosis:

> Q.   And this document resulted in the payment of $30,000 for your Workers' Compensation claim, correct?
>
> A.   Yes.
>
> Q.   And the document has the statement at the very beginning of it, it is hereby stipulated and agreed and between the parties hereto that on or about January 2, 2003, the above named employer while in the employment of the above employment -- named employer -- sorry.  Let me start over. That on or about January 2, 2003, that the above named employee while in the employment of the above named employer sustained an accidental injury/occupational disease arising of and in the course and scope of employee's employment and that the accidental injury slash occupational disease

> resulted in injury to the employee.  Did I read that correctly?
>
> A.    Yes.
>
> Q.    And in that paragraph that is listed as paragraph No. 1, it list the date that I just read of when you suffered or believed you had an occupational injury as a result of silicosis is January 2, 2003, correct?
>
> A.    Yes.
>
> Q.    *When you signed that, you knew that when you signed the stipulation that that was the date you were alleging you got sick; is that right?*
>
> A.    *Yes.*
>
> Q.    *And you acknowledge that freely and willingly today?*
>
> A.    *Yes.*

*Id*, pp. 10-12 (emphasis added).

Plaintiff further admitted that the document refreshed his recollection that he had accepted $30,000.00 in this Workers' Compensation settlement for his alleged January 2, 2003, silicosis injury.  *Id*, pp. 12-13.

3M believes that Plaintiff's claim had accrued at least by the date when he was diagnosed with silicosis by Dr. Tuteur in August 2002.  But, even giving the Plaintiff the benefit of every possible doubt as to the date of his diagnosis, Plaintiff admits that he knew that he had silicosis, and settled a silicosis claim, at the very latest by January 2, 2003.  Under these undisputed facts, there can be no question that this suit is time-barred: it was not filed until August 2008, more than five years past the latest possible date that even the Plaintiff asserts should be used as the date on which his claim accrued.

IV.     CONCLUSION

As set forth above and in conjunction with 3M's previously-filed Motion For Summary Judgment, Memorandum of Law In Support Thereof, and its Reply To Plaintiff's Response To 3M's Motion For Summary Judgment, the facts are clear that Plaintiff was diagnosed with silicosis prior to August 21, 2003, five years before he filed this suit.  It is also clear that Plaintiff was informed and aware of the diagnosis prior to August 21, 2003, including because he actually filed and *settled* a Workers' Compensation claim based on this diagnosis on January 7, 2003.  He did not file suit until August 21, 2008, after the expiration of the statute of limitations.

No genuine issue of fact exists as to whether David Midkiff was on notice of his potentially actionable injury prior to August 21, 2003.  Because Plaintiff's claims are time-barred, Defendant 3M Company is entitled to judgment as a matter of law with respect to all claims asserted against it by Plaintiffs.[5]  Defendant 3M Company therefore respectfully requests that this Court grant summary judgment in its favor and against Plaintiffs, and award Defendant its costs.  Defendant also requests such other relief as the Court may deem advisable.

---

[5]     Plaintiff, Sandry Midkiff's, loss of consortium claim is wholly derivative of Plaintiff, David Midkiff's, underlying claims and thus "rises or falls" with the success David Midkiff's causes of action.  *See Menz v. New Holland North America, Inc.,* 507 F.3d 1107, 1115 (8th Cir. 2007) and *Wright v. Barr*, 62 S.W.3rd 509, 537 (Mo. Ct. App. 2001).  As David Midkiff's claims are time-barred by the statute of limitations, Sandry Midkiff's derivative loss of consortium claim is also barred.

Respectfully submitted,

By: /s/ Candice C. Kusmer
    John J. Kurowski, #62256
    Candice C. Kusmer, #5250392
    Kurowski, Bailey & Shultz, LLC
    24 Bronze Pointe
    Belleville (Swansea), IL 62226
    (618) 277-5500
    Fax:  (618) 277-6334
    E-mail:  jkurowski@kbslf.com
    ATTORNEYS FOR DEFENDANT
    3M COMPANY

By: /s/ Lawrence King
    Lawrence R. King, Admitted Pro Hac
    Larson King, LLP
    2800 Wells Fargo Place
    30 E. 7th Street
    St. Paul, MN  55101
    Phone: 651-312-6500
    Email: lking@larsonking.com
    ATTORNEYS FOR DEFENDANT
    3M COMPANY

## PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing 3M's Supplemental Brief In Support Of Its Motion For Summary Judgment was sent to all counsel of record via Eastern District of Missouri electronic filing this 9th day of March, 2010.


Mike Martin
Maloney Martin, L.L.P.
3401 Allen Parkway, Suite 100
Houston, TX  77019
E-mail: mbmartin@mmmllp.com
Attorneys for Plaintiff

Zane T. Cagle
PAGE CAGLE
1232 Washington Ave., Suite #220
St. Louis, MO  63103
E-mail: zane@pagecagle.com
Attorneys for Plaintiff

W. Jeffrey Muskopf
Michael J. Smith
Lashly & Baer, P.C.
714 Locust Street
St. Louis, MO  63101
Phone: 314-621-2939
E-mail: jmuskopf@lashlybaer.com
Attorneys for Defendant Mine Safety Appliances


/s/ Candice C. Kusmer
ATTORNEYS FOR DEFENDANT
3M COMPANY

10