UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID MIDKIFF, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 4:08CV1221RWS |
| | ) | |
| 3M COMPANY, as Successor by Merger | ) | |
| to Minnesota Mining and | ) | |
| Manufacturing Company, and/or | ) | |
| Its Predecessors/Successors | ) | |
| in Interest, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT 3M COMPANY'S REPLY
TO "PLAINTIFFS' RESPONSE TO MINE SAFETY APPLIANCES'
MOTION FOR SUMMARY JUDGMENT AND 3M'S SUPPLEMENTAL
BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT"**

For its Reply To "Plaintiffs' Response To Mine Safety Appliances' Motion For

Summary Judgment And 3M's Supplemental Brief In Support Of Its Motion For

Summary Judgment," Defendant, 3M Company, states as follows:

## I.      INTRODUCTION AND BACKGROUND

3M Company ("3M") has consistently demonstrated that no genuine issue of fact

exists as to whether David Midkiff was on notice of his potentially actionable injury prior

to August 21, 2003, and that because Mr. Midkiff's claims are time-barred, 3M is entitled

to judgment as a matter of law.  The workers' compensation documents revealed before

Mr. Midkiff's February 3, 2010, deposition, and Mr. Midkiff's deposition testimony

concerning those documents, further support 3M's Motion For Summary Judgment.

As set forth below, the Court should grant 3M's Motion for Summary Judgment

on the merits of the summary judgment arguments.  Next, the Court should grant 3M's

Motion For Summary Judgment because Plaintiffs' counsel *conceded* that the workers' compensation documents and Mr. Midkiff's limited testimony about them would be dispositive of the statute of limitations issue, and all counsel agreed that no further discovery would be necessary to permit a ruling on the summary judgment motions.  As a result, the Defendants permitted Plaintiffs' counsel to control the February 3, 2010, deposition inquiry and to avoid a cross-examination of Mr. Midkiff by Defendants.  The Court should not permit Plaintiffs to take advantage of counsels' agreement by attempting to support new arguments with unsubstantiated evidence, and such evidence should be stricken from the record.  Finally, and in the alternative only, 3M requests that the Court hold its motion in abeyance and reopen discovery in this matter, as agreed by the parties, to permit the Defendants to undertake further discovery and a complete deposition of Mr. Midkiff prior to renewing their motions for summary judgment.

### A.      Procedural Background

During a limited deposition of Plaintiff David Midkiff on February 3, 2010, counsel for Plaintiffs provided documents related to Mr. Midkiff's workers' compensation claim.   These documents for the first time revealed that he had filed the workers' compensation claim, based on a diagnosis of silicosis, on *January 2, 2003*.  Mr. Midkiff did not file this lawsuit – based on the same injury – until August 2008.

Because the information about Mr. Midkiff's workers' compensation filing went directly to the Defendants' statute of limitations defense by establishing the latest date by which his injury was capable of ascertainment, the Court set an expedited discovery and briefing schedule, by agreement of the parties, to permit the early resolution of motions for summary judgment based on the statute of limitations.

Defendant MSA timely filed its Motion for Summary Judgment and Memorandum of Law in Support thereof, and 3M Company timely filed its Supplemental Brief In Support of its Motion for Summary Judgment. (*See* Docket Entry Nos. 55, 56 and 58.) These pleadings relied, *inter alia*, on David Midkiff's February 3, 2010, limited deposition testimony and on the workers' compensation documents attached as exhibits to the deposition. The deposition and workers' compensation documents demonstrated that Mr. Midkiff's injuries were reasonably capable of ascertainment by January 2, 2003, when he filed a workers' compensation claim for his silicosis. *See id.*

Plaintiffs responded to the Defendants' filings with new and surprising arguments. They argued, erroneously, that the existence of Plaintiff's January 2, 2003, workers' compensation claim creates an issue "of first impression" in the Eighth Circuit and is not dispositive, much less instructive, on the issue of whether Plaintiff's injuries were reasonably capable of ascertainment. (*See* Docket Entry No. 60.) And, they asserted a gamut of unsubstantiated factual allegations, which should be disregarded by the Court.[1]

For the reasons that follow and those previously articulated in 3M's Motion for Summary Judgment, Memorandum of Law In Support Thereof, and its subsequent replies and supplemental briefings, it *remains* clear that **Plaintiff was diagnosed with silicosis prior to August 21, 2003 (five years before he filed this suit); that he was informed and aware of the diagnosis prior to August 21, 2003; and accordingly, that his injuries were reasonably capable of ascertainment prior to August 21, 2003.**

---

[1] For instance, without any factual evidence, Plaintiffs now allege that: (1) the January 2, 2003, date on the workers' compensation form was "solely and specifically a lawyer generated date;" (2) Mr. Midkiff remained at work because both he *and his employer, ISP,* "were unsure of his diagnosis;" (3) the filing of the workers' compensation claim "was premature," and (4) Mr. Midkiff's workers' compensation claim was an action that was "overly cautious based on suspicion, not confirmed evidence." (*See* Docket Entry No. 60.)

Therefore, no genuine issue of fact exists as to whether David Midkiff was on notice of his potentially actionable injury prior to August 21, 2003.  Because Plaintiffs' claims are time-barred, Defendant 3M Company is entitled to judgment as a matter of law with respect to all claims asserted against it by Plaintiffs.

**II.     DAVID MIDKIFF'S FEBRUARY 3, 2010, DEPOSITION TESTIMONY, COMBINED WITH THE PLEADINGS PREVIOUSLY FILED IN SUPPORT OF 3M'S MOTION FOR SUMMARY JUDGMENT, CONCLUSIVELY DEMONSTRATES THAT PLAINTIFFS' CLAIMS ARE TIME-BARRED.**

In an attempt to confuse the Court on the issue of summary judgment, Plaintiffs erroneously allege that this case is one "of first impression" in the Eighth Circuit, arguing that the question before the Court is now whether the January 2, 2003 workers' compensation claim is, *in itself*, dispositive of when the statute of limitations began to run.  However, the statute of limitations enquiry before the Court remains unchanged.

As 3M noted in its original Motion for Summary Judgment, Missouri's statute of limitations for product liability and bodily injury claims is five (5) years.  Mo. Rev. Stat. § 516.120(4).  Under section 516.100, a cause of action begins to run "when the damage resulting therefrom is sustained and is capable of ascertainment."  *Id.* at § 516.100.  *See also H.R.B. v. Rigali,* 18 S.W.3d 440, 443 (Mo. Ct. App. 2000).  Whether damages were sustained and capable of ascertainment at a given time is an objective standard, and is a matter of law for the Court to decide.  *H.R.B.,* 18 S.W.3d at 443.

Importantly, ***Missouri has specifically rejected a "discovery" rule to determine when a cause of action accrues***.  *Harris-Laboy,* 972 S.W.2d at 524.  Thus, damage is sustained and capable of ascertainment when it *can be* discovered or made known, not when the plaintiff *actually* discovers the injury or wrongful conduct.  *Id.* at 443.  "The

statute focuses on the damage and not the discovery of its cause."[2] *King v. Nashua Corp.*, 763 F.2d 332, 333 (8th Cir. 1985).

In this case, Plaintiff filed his action for damages resulting from exposure to silica dust, which he claimed was due to the use of allegedly defective respiratory protection products manufactured by 3M, on *August 21, 2008*. (*See* Docket Entry No. 1.) As 3M has previously demonstrated, the undisputed facts show that Plaintiff's damages were sustained, diagnosed, ascertainable and in fact, *known* by Plaintiff more than five years before he filed his action (i.e., *before* August 21, 2003). Dr. Peter Tuteur *diagnosed* Mr. Midkiff with "*physiologically and radiographically significant silicosis*" on *August 2, 2002*. (*See* Docket Entry Nos. 36, 37 and 58.) 3M has further cited to Dr. Michael Toney's medical records of February 4, 2003, and August 18, 2003, where *Mr. Midkiff reported* the silicosis diagnosis to Dr. Toney, and also reported a specialist's advice *that he should not be working*. (*See* Docket Entry No. 37, Exhibits B-E.)

Moreover, 3M's Supplemental Brief In Support of its Motion for Summary Judgment demonstrated that in his February 3, 2010, limited deposition testimony (in direct contrast to his December 28, 2009 Affidavit), Plaintiff *admitted*

- that on January 2, 2003, he had had freely and willingly filed a workers' compensation claim for silicosis arising out of his employment at ISP due to "long-term exposure and inhalation of the silica dust"; *and that*

- when he signed the workers' compensation claim, he knew that he was stipulating that he allegedly "got sick" by the January 2, 2003, date. (*See* Docket Entry No. 58.)

This claim was later settled for $30,000.00. *Id.*

---

[2]     However, the Missouri Supreme Court case of *Elmore v. Owens-Illinois, Inc.*, 673 S.W.2d 434 (Mo. banc 1984), involving Plaintiff's exposure to *asbestos* fibers, specified that a *diagnosis* of injury was necessary in order for the statute of limitations time to begin running. Even under that standard, Plaintiff's claims are time-barred.

Although 3M maintains that Plaintiffs' claim accrued by August of 2002 when Dr. Tuteur diagnosed David Midkiff with silicosis, even giving the Plaintiff the benefit of every possible doubt as to the date of his diagnosis, Mr. Midkiff himself, admits that his injuries were reasonably capable of ascertainment, *at the very latest*, by January 2, 2003, when he in good faith filed his workers' compensation claim for silicosis.  Under these undisputed facts, there can be no question that Plaintiffs' suit is time-barred: it was not filed until August 2008, more than five years past the latest possible date that even the Plaintiff asserts should be used as the date on which his claim accrued.

> **A.   The Texas and North Dakota cases cited by Plaintiffs in support of their Response are readily distinguishable from the case at bar.**

Plaintiffs rely on two primary cases in support of their argument that a workers' compensation claim should not be dispositive on the issue of statute of limitations.[3] However, the two cases are inapplicable:  their facts and the legal standards on which those courts' holdings are based are distinguishable from this case.

---

[3]   It is important to note that 3M has not argued that the January 2003 workers' compensation claim filed (and settled) by Plaintiff was, *in and of itself*, dispositive of its summary judgment motion.  Rather, 3M has argued that the workers' compensation claim, *in addition to the August 2002 silicosis diagnosis and Plaintiff's reports of the diagnosis to his physicians*, <u>all</u> demonstrate that his injuries were reasonably capable of ascertainment prior to August 2003.

Many other courts have adopted the position that the filing of a workers' compensation claim or lawsuit alleging occupational injury begins the statute of limitations running as a matter of law.  *See e.g. McDaniel v. Johns-Manville Sales Corp.*, 542 F.Supp. 716 (N.D. Ill. 1982); *Coates v. Fibreboard Corp.*, 583 F.Supp. 504 (M.D. La. 1984); *Meeker v. American Torque Rod of Ohio, Inc.*, 607 N.E.2d 874 (Ohio Ct. App. 1992); *Ackler v. Raymark Industries, Inc.*, 551 A.2d 291 (Pa. Super. Ct. 1988); *Price v. Johns-Manville Corp.*, 485 A.2d 466 (Pa. Super. Ct. 1984); *In Re Agent Orange*, 611 F. Supp. 1285 (E.D. N.Y. 1985); *Uram v. Abex Corp.*, 217 Cal.App.3d 1425 (Cal. Ct. App. 1990); *Morgan v. Johns-Manville Corp.*, 511 A.2d 184 (Pa. Super. Ct. 1985); *Chandler v. Johns-Manville Corp.*, 507 A.2d 1253 (Pa. Super. Ct. 1985); *Mergenthaler v. Asbestos Corp. of America*, 500 A.2d 1357 (Del. Super. Ct. 1985); *Woods v. Sherwin-Williams Co.*, 666 S.W.2d (Tenn. Ct. App. 1984).  Although this is not the law in Missouri, even under this more generous test – as with the date-of-diagnosis standard discussed *supra* – Plaintiffs' claims are time-barred.

### i.   *Childs v. Haussecker*

Plaintiffs first rely on the Texas Supreme Court case of *Childs v. Haussecker*, 974 S.W.2d 31 (Tex. 1998).   In *Childs,* one of plaintiffs, Mr. Haussecker,[4] began experiencing respiratory problems in 1967.   He complained to his family doctor about shortness of breath, wheezing and coughing, and was prescribed medication to alleviate the wheezing.   In 1968, another doctor opined that Mr. Haussecker's symptoms were due to lymphoma and Hodgkin's disease.   Another physician also diagnosed Mr. Haussecker with granuloma of the right lung.   *Both of these physicians told plaintiff his illness was not work-related*.   Despite this, Mr. Haussecker formed his own opinion that he suffered from silicosis, and in 1968, he filed a worker's compensation claim alleging he had a work-related disease.   This claim was denied because there was no evidence that Mr. Haussecker had silicosis as a result of workplace exposure.   *Id* at 35.

In 1988, Mr. Haussecker was examined by a lung specialist who opined that Mr. Haussecker had silicosis.   He underwent a lung biopsy in February 1990 and was diagnosed with silicosis in April of that year.   *Id*.   The question presented in *Childs* was whether Mr. Haussecker should have known, in the exercise of reasonable diligence, that he likely suffered from an occupational illness *before April 1988.  Id* at 44.

Like Mr. Midkiff, Mr. Haussecker argued that the statute of limitations does not begin to run until a plaintiff receives a "confirmed medical diagnosis" of a work-related illness.   The defendant argued that a cause of action absolutely accrues when a plaintiff

---

[4]      It is significant that the Haussecker plaintiffs were later were represented by **Mike Martin**, who represents Plaintiffs here.  *Id* at 35-36.  This calls into question whether Plaintiffs' counsel had planned all along to argue that this case is one "of first impression" before the Court, despite Plaintiffs' counsel's purported agreement with defendants that the summary judgment issue could be expedited without further discovery.

files a workers' compensation claim or lawsuit alleging he suffered from an occupational

injury.  *Id* at 42.  The *Childs* court rejected *both* of these proposed rules.

With regard to plaintiff's argument requiring a confirmed medical diagnosis, the

court reasoned that "the accrual of a cause of action is not dependent on a confirmed

medical diagnosis; a plaintiff whose condition has not yet been affirmatively diagnosed

by a physician can have, or in the exercise of reasonable diligence could have, access to

information that requires or would require a reasonable person to conclude he likely

suffers from a work-related illness".  The *Childs* court also held that "while a diagnosis of

a latent occupational disease would be *sufficient* to start the limitations period, a final

diagnosis is not always *necessary* before a cause of action can accrue"  *Id.* (emphasis

added).

Under the peculiar facts of *Childs*, the court also declined to hold that Mr.

Haussecker's filing of a workers' compensation claim triggered the statute of limitations:

the filing was based purely on a subjective belief that he had an occupational disease,

despite several diagnoses that attributed his injury to other causes.  Thus, his filing a

workers' compensation claim, "*standing alone*", was insufficient to trigger the statute of

limitations.  *Id.* at 42-43 (emphasis added).  The court also noted that Mr. Haussecker's

workers' compensation claim had been denied  "precisely because there was *no* evidence

to support his contention that he had an occupational disease." (Emphasis added.)  *Id* at

46.

In this case, Plaintiff's silicosis diagnosis was not consistently rejected or

questioned – Dr. Briete's lone disagreement is the exception in a line of medical records

demonstrating the silicosis diagnosis and Plaintiff's awareness of that disease.  Moreover,

unlike the workers' compensation claims in *Childs*, which failed for lack of evidence, Mr. Midkiff actually *settled* his silicosis workers' compensation claim for $30,000.00 – agreeing, as apparently did his employer, that his injury was caused by workplace exposure to silica dust.   Accordingly, the facts and the holding in *Childs* are easily distinguishable.

### ii.      *Biesterfeld v. Asbestos Corporation of America*

Likewise, Plaintiffs rely on the North Dakota case of *Biesterfeld v. Asbestos Corp. of America*, 467 N.W.2d 730 (N.D. 1991), incorrectly arguing that the case is "factually identical" to the case at bar.   The plaintiff in *Biesterfeld* filed his lawsuit in September 1987, and the trial court granted certain defendants' motions for summary judgment based on the expiration of the statute of limitations.   *Id* at 732.

The *Biesterfeld* plaintiff alleged decedent was exposed to asbestos from 1938 to 1984 working as a plasterer and spray texturer.   He began having breathing difficulties in 1970.   He received a doctor's report in mid-1982, which found that his chest x-rays were consistent with asbestosis.   Decedent filed a workers' compensation claim in July 1982, alleging asbestosis as his injury.   After this, however, he received a number of conflicting or inconsistent diagnoses:   in 1983, a pulmonary function test concluded that he suffered from "a severe obstructive lung disease," but did not indicate whether the lung problems were asbestos related, *Id.* at 733; but another physician informally told him that "his problems appeared to be asbestos related."   During a hospitalization in 1984, he was discharged with a diagnosis that included "pleural changes consistent with asbestosis," but  medical records from another 1984 hospitalization stated that there was "no evidence

of pulmonary asbestosis."  Discharge records stated that he suffered from "no restrictive disease that could be attributable to his asbestos [sic]." *Id.*

Once again, and unlike the case at bar, the *Biesterfeld* decedent's workers' compensation claim was dismissed in December of 1984, finding that there was "no evidence the claimant sustained an injury or contracted a disease as a result of exposure to asbestosis [sic]."  Moreover, conflicts as to the diagnosis continued into 1987 and 1988, when one physician opined that decedent had "an unquestionable history of asbestosis" and another physician opined that he had "no evidence for pulmonary asbestosis." *Id.* at 734.

In sharp contrast to the Missouri standard in the case at bar, the *Biesterfeld* court determined that the "crucial question" before the court was whether decedent, "prior to September of 1984, was 'informed of discovery of the injury by competent medical authority and that such injury was caused by exposure to asbestos,' or discovered 'facts which would reasonably lead to such discovery.'"  *Id* at 738.  Based on the multiple conflicting opinions regarding the injuries and the fact that the decedent's workers' compensation claim was *denied*, the *Biesterfeld* court held that reasonable minds could differ and summary judgment was not proper "[u]nder the facts as they evolved in conjunction with [decedent's] claim." *Id*.

*Biesterfield's* holding, like that in *Childs*, also depends on a unique fact pattern not present here.  Even if the same legal standard applied to govern when the statute of limitations began running, the facts before this Court are very different: Plaintiff's silicosis diagnosis in this instance was not consistently rejected or questioned, and his workers' compensation claim for silicosis was *successfully* prosecuted, resulting in a

10

$30,000.00 settlement for Plaintiff.   Thus, *Biesterfeld* also is distinguishable and inapplicable to the instant cause.

For all the foregoing reasons, this Court should grant 3M's Motion for Summary Judgment, because the facts in this case and the inquiry before this court clearly demonstrate that David Midkiff's injuries were reasonably capable of ascertainment prior to August 21, 2003.

**III.    THE ARGUMENTS MADE IN PLAINTIFFS' RESPONSE ARE DISINGENUOUS AND UNSUBSTANTIATED; MOREOVER, PLAINTIFF'S COUNSEL HAS CONCEDED THE WORKERS' COMPENSATION DOCUMENTATION WAS "DISPOSITIVE" OF THE STATUTE OF LIMITATIONS ISSUE IN THIS CASE.  AS A RESULT, PLAINTIFFS' NEW ARGUMENTS TO THE CONTRARY SHOULD BE DISREGARDED, AND THEIR UNSUBSTANTIATED FACTUAL STATEMENTS SHOULD BE STRICKEN FROM THE RECORD.**

These new arguments in Plaintiffs' response notwithstanding, Plaintiff's counsel himself has previously agreed that the workers' compensation produced at Mr. Midkiff's February 3, 2010, deposition were "dispositive" of the statute of limitations issue for purposes of Defendants' motions for summary judgment.  Attached hereto as "Exhibit A" is the Affidavit of Daniel C. Adams, counsel for 3M, who appeared at the February 3, 2010, deposition.

Mr. Adams recalls that all parties agreed on February 3, 2010, that Plaintiff's workers' compensation documents and his limited testimony about that claim would give the Court sufficient information to determine the issue of summary judgment.  Moreover, in light of the workers' compensation documents, all parties, including Plaintiffs' counsel, agreed that no additional discovery on the issue of summary judgment was necessary and that the Court's ruling on 3M's Motion for Summary Judgment could be

expedited.  All parties therefore agreed to file a Joint Motion to Expedite Ruling.  (*See* Exhibit A.)

Moreover, counsel for Plaintiffs indicated to defense counsel prior to his limited deposition inquiry that he believed the workers' compensation documents would be *dispositive* on the issues of summary judgment and that his response to the defendants' Motion for Summary Judgment would be to simply state that the document "says what it says."  *Id.*  Based on these representations and by agreement of all parties, Mr. Martin conducted a limited deposition of Mr. Midkiff, only asking him about the workers' compensation claim and the documents related to that claim (attached to the deposition as Exhibits 1 and 2).  The parties further agreed that, should the court for whatever reason deny the summary judgment motions, or decline to accept the parties' invitation for expedited schedule, the defendants would reserve the right to take a complete deposition of Mr. Midkiff and bring a follow-up motion for summary judgment based on Mr. Midkiff's full and complete deposition testimony and any further discovery. (*See* Exhibit A attached hereto.  *See also* Exhibit A to 3M's Supplemental Brief, Docket Entry No. 58, pp. 5-6, 13-15.)

Plaintiffs' response – which asserts for the first time that this is an issue of first impression in the Eighth Circuit, and which supports their arguments with unsubstantiated facts as outlined in footnote 1 above – is disingenuous and prejudicial to Defendants.  Plaintiffs' counsel conceded that the workers' compensation documents and Mr. Midkiff's testimony about them would be dispositive of the statute of limitations

issue[5], and all counsel agreed that no further discovery would be necessary to permit a ruling on the summary judgment motions.   As a result, the Defendants permitted Plaintiffs' counsel to control the February 3, 2010, deposition inquiry and to avoid a cross-examination of Mr. Midkiff by Defendants.  This Court should not permit Plaintiffs to take advantage of counsels' agreement by attempting to support new arguments with unsubstantiated evidence, and such evidence should be stricken from the record.

## IV.   IN THE ALTERNATIVE, SHOULD THE COURT HAVE ANY HESITATION IN GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT, 3M REQUESTS THAT THE COURT ONCE AGAIN EXTEND TIME FOR DISCOVERY ON THIS ISSUE.

3M believes the Court has ample evidence before it to demonstrate that no material fact issue exists, and to enable the Court to grant 3M's Motion for Summary Judgment based on the statute of limitations.  However, should the Court have any hesitation in granting the motion, then 3M respectfully requests that the Court again open discovery on this issue.  In its January 19, 2010, Order, the Court gave the parties an opportunity to conduct full discovery, including necessary depositions, on the issue of when David Midkiff's injuries were reasonably capable of ascertainment.  As stated above, all parties – including Plaintiffs' counsel - agreed at Mr. Midkiff's February 2010 limited deposition that Plaintiff's workers' compensation documents and his limited testimony would be sufficient to determine this issue.  Nevertheless, if the Court is inclined to entertain Plaintiffs' new arguments, then further discovery is necessary so that the defendants may thoroughly cross-examine Plaintiffs on this issue and conduct any further discovery necessary to refute Plaintiffs' unsubstantiated claims.  The parties have

---

[5]      Also indicative of Plaintiffs' counsel's concession, David Midkiff did not appear for the February 10, 2010, court-ordered mediation of this matter.  Plaintiffs' counsel again indicated at that time his belief that Plaintiffs' claims were time-barred.

previously agreed, on the record, that should the court not grant Defendants' summary judgment motions, then Defendants will have the right to take a complete deposition of Mr. Midkiff and to bring a renewed motion for summary judgment based on that additional testimony and discovery. (*See* Exhibit A attached hereto.  *See also* Exhibit A to 3M's Supplemental Brief, Docket Entry No. 58, pp. 5-6, 13-15.)

### V.     CONCLUSION

As set forth above and in 3M's previously-filed pleadings on this issue, the facts are undisputed.  Mr. Midkiff was diagnosed with silicosis prior to August 21, 2003, five years before he filed this suit.  He was informed of and was aware of the diagnosis prior to August 21, 2003, which is apparent for several reasons, including because he filed a successful Workers' Compensation claim based on this diagnosis prior to August 2003. No genuine issue of fact exists as to whether David Midkiff was on notice of his potentially actionable injury prior to August 21, 2003.  Because Mr. Midkiff's claims are time-barred, Defendant 3M Company is entitled to judgment as a matter of law.  3M respectfully requests that the Court grant summary judgment in its favor and against Plaintiffs, and award Defendant its costs.  In the alternative only, 3M requests that the Court hold its motion in abeyance and reopen discovery in this matter to permit the Defendants to undertake further discovery and a complete deposition of Mr. Midkiff prior to renewing their motions for summary judgment.  3M also requests such other relief as the Court may deem advisable.

15

Respectfully submitted,

By: /s/ Candice C. Kusmer
    John J. Kurowski, #62256
    Candice C. Kusmer, #5250392
    Kurowski, Bailey & Shultz, LLC
    24 Bronze Pointe
    Belleville (Swansea), IL 62226
    (618) 277-5500
    Fax:  (618) 277-6334
    E-mail:  jkurowski@kbslf.com
    ATTORNEYS FOR DEFENDANT
    3M COMPANY

By: /s/ Lawrence King
    Lawrence R. King, Admitted Pro Hac
    Larson King, LLP
    2800 Wells Fargo Place
    30 E. 7th Street
    St. Paul, MN  55101
    Phone: 651-312-6500
    Email: lking@larsonking.com
    ATTORNEYS FOR DEFENDANT
    3M COMPANY

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing 3M's Supplemental Brief In Support Of Its Motion For Summary Judgment was sent to all counsel of record via Eastern District of Missouri electronic filing this 7th day of April, 2010.


Mike Martin
Maloney Martin, L.L.P.
3401 Allen Parkway, Suite 100
Houston, TX  77019
E-mail: mbmartin@mmmllp.com
Attorneys for Plaintiff

Zane T. Cagle
PAGE CAGLE
1232 Washington Ave., Suite #220
St. Louis, MO  63103
E-mail: zane@pagecagle.com
Attorneys for Plaintiff

W. Jeffrey Muskopf
Michael J. Smith
Sarah J. Hugg
Patrick Foppe
Lashly & Baer, P.C.
714 Locust Street
St. Louis, MO  63101
Phone: 314-621-2939
E-mail: jmuskopf@lashlybaer.com
Attorneys for Defendant Mine Safety Appliances

Bernadette Weaver-Catalana
45 Exchange Blvd., 4th Fl.
Rochester, NY 14614
Phone (585) 454-6480
E-mail: bcatalana@osbornreed.com
Attorneys for 3M Company


/s/ Candice C. Kusmer
ATTORNEYS FOR DEFENDANT
3M COMPANY