UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID MIDKIFF, et al., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 4:08CV1221RWS |
| ) | |
| 3M COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

On August 21, 2008, Plaintiff David Midkiff and his wife, Sandry Midkiff, filed this lawsuit for injuries they claim David Midkiff sustained from faulty respirators manufactured by Defendants 3M Company and Mine Safety Appliances ("MSA"). Sandry Midkiff seeks damages for the loss of her husband's consortium. 3M and MSA claim the Midkiffs' lawsuit is time-barred and have each moved for summary judgment on that basis. Because the Midkiffs' claims are barred by Missouri's statute of limitations, I will grant Defendants' motions.

*Background*

David Midkiff ("Midkiff") was an employee of ISP Minerals, Inc. in Annapolis, Missouri from March 27, 1972 to September 10, 2003. As part of his duties, Midkiff worked in areas that contained silica dust. To prevent silica dust inhalation, Midkiff wore respirators designed and manufactured by 3M and MSA.

Midkiff claims that these respirators failed to perform properly and caused, or contributed to cause, Midkiff to develop "silica dust induced airway obstruction."

Midkiff first developed pleuritic type pain in August 2001.  According to his medical records, he experienced progressive breathlessness that limited his ability to walk and climb stairs.  Midkiff regularly wheezed and coughed up white sputum.  During 2002 and 2003, Midkiff visited numerous doctors in search of medical advice concerning his lung problems.  On January 18, 2002, Midkiff visited Dr. Jeffrey J. Bowman at Barnes-Jewish Hospital.  A Chest Computed Tomography (CT) Scan revealed Midkiff had a "fine diffused upper lobe small nodules with fine nodular upper lobe pleural thickening" "*most consistent with silicosis*, especially given this patient's history" (emphasis added).

On August 2, 2002, Midkiff visited Dr. Peter Tuteur of Washington University in St. Louis School of Medicine, Department of Internal Medicine, Pulmonary Division, after his family doctor, Dr. Michael Toney of the Piedmont (Missouri) Family Clinic referred him.  Based on the totality of available data,[1] Dr.

---

[1]As part of his diagnosis, Dr. Tuteur reviewed Midkiff's work, past medical, family and social history as well as Midkiff's symptoms, chest radiographs, and a physical examination.  Dr. Tuteur described this history as follows:
> Mr. Midkiff began working at International Specialty Products (a subsidiary of GAF) as a maintenance man in March, 1972.  He is still working there.  In his job he maintains machinery and is involved in welding, metal cutting and rock crushing.  The rock that he crushes is called gray (blue) granite and is crushed to various sizes for granules to be used on roofing tile.  He estimates that prior to the

Tuteur diagnosed Midkiff with "*physiologically and radiographically significant silicosis* associated with impairment of gas exchange exercise as well as a reduced diffusing capacity" (emphasis added).  Dr. Tuteur wrote in his report that,

> [T]hough it will be expected that the silicotic process will persist over time and progress over time, such progression will more likely than not be faster and more severe should continued exposure to airborne silica material continue.  It is recommended that [Midkiff] either reassigned and/or protected from continuation of significant exposure to the inhalation of silica material in his work place.

Midkiff sought another opinion on August 14, 2002 from Dr. W. Mark Breite, a pulmonologist at Thoracic & Critical Care Medicine in Festus, Missouri.  Dr. Breite noted the "patient does not have a typical pattern for this disorder [silicosis] in [his] opinion and [he] respectfully disagree[s] with Dr. Tutor [sic]."

Despite these conflicting diagnoses, Midkiff continued to report the diagnosis of Dr. Tuteur to his personal physician and the Missouri Department of Labor and Industrial Relations.  For example, on February 4, 2003, Midkiff reported Dr. Tuteur's diagnosis of silicosis to a nurse during an examination at the Piedmont (Missouri) Family Clinic.  The record does not contain any evidence

---

mid 1980's he was in a very dusty environment virtually all of the time, more than half the time.  For the [sic] less than the last year he is required to wear respiratory protective devices.  Before it was available throughout his employment but not required.

Clearly, he was exposed to sufficient amounts of rock dust to produce silicosis in a susceptible host.

Midkiff reported Dr. Breite's diagnosis.  An examiner noted, "[t]he pt forgot to bring his report from yearly health evaluation at work. The pt reports that he said he had silicosis as well as the need to rule out TB. The pt had prior negative TB tests in the past."  Midkiff again visited the Piedmont Family Clinic on August 18, 2003, and, as reported in a medical record,  "he has seen a specialist who told him he should not be working.  This was on May 22."

On July 7, 2003, Midkiff filed a claim for Workers' Compensation.  Midkiff claimed benefits based on his injury of silicosis caused by "long-term exposure and inhalation of the silica dust while in the course and scope of employment" with ISP.  Midkiff provided January 2, 2003 as the date of his injury.  Midkiff eventually settled his Workers' Compensation claim for $30,000 on August 4, 2008, less than 2 weeks before filing the instant lawsuit.

Midkiff eventually sought a third opinion on September 10, 2003 from Dr. Joseph Ojile who diagnosed Midkiff with silicosis and placed him on leave from work.  Midkiff filed this lawsuit on August 21, 2008.

*Legal Standard*

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of

law. Lynn v. Deaconess Med. Ctr., 160 F.3d 484, 486 (8th Cir. 1998) (citing Fed. R. Civ. P. 56(c)). The party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of the affidavits, pleadings, depositions, answers to interrogatories, and admissions on file which it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Citrate, 477 U.S. 317, 323 (1986). When such a motion is made and supported by the movant, the nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof. Id. at 324. In resisting a properly supported motion for summary judgment, the plaintiff has an affirmative burden to designate specific facts creating a triable controversy. Crossley v. Georgia-Pacific Corp., 355 F. 3d 1112, 1113 (8th Cir. 2004).

*Discussion*

Midkiff argues that his cause of action accrued on September 10, 2003, the date his employer told him of Dr. Ojile's diagnosis. He argues that he did not know and should not have known that he had silicosis until that date. Defendants argue Midkiff's injury was sustained and capable of ascertainment before August 21, 2003.

"A federal court sitting in diversity jurisdiction applies the statute-of-limitations of the forum." Great Plains Trust Co. v. Union Pac. R.R. Co., 492 F.3d 986, 992 (8th Cir. 2007) (citing Nettles v. Am. Tel. & Tel. Co., 55 F.3d 1358, 1362 (8th Cir. 1995)). Missouri's statute of limitations for product liability and personal injury claims is five years. Mo. Rev. Stat. § 516.120(4) (2002). A cause of action for product liability and personal injury begins to run "when the damage resulting therefrom is sustained and is capable of ascertainment." § 516.100. Whether damages were sustained and capable of ascertainment at a given time is an objective standard and is a question of law. H.R.B. v. Rigali, 18 S.W.3d 440, 443 (Mo. Ct. App. 2000). Therefore, I must determine when Midkiff's silicosis was capable of ascertainment.

The Missouri Supreme Court recently provided guidance on when an injury is capable of ascertainment in Powel v. Chaminade College Preparatory, 197 S.W.3d 576 (Mo. 2006). According to the court, damages are sustained and are capable of ascertainment as an objective matter "when the 'evidence [of damages] was such to place a reasonably prudent person on notice of a potentially actionable injury.'" Id. at 582 (quoting Bus. Men's Assurance Co. of America v. Graham, 984 S.W.2d 501, 507 (Mo. 1999)). A personal injury can be capable of ascertainment at the point of a diagnosis. See Elmore v. Owens-Illinois, Inc., 673 S.W.2d 434,

436 (Mo. 1984) (finding that plaintiff's cause of action for personal injuries sustained from exposure to asbestos accrued on the date of his diagnosis for asbestosis); see also Ray v. Upjohn Co., 851 S.W.2d 646, 650–51 (Mo. Ct. App. 1993) (finding the date of plaintiff's diagnosis for isocyanate asthma triggered statute of limitations).  But diagnoses are not always dispositive.  Damages may be sustained and capable of ascertainment before a plaintiff learns of his injury or sees a physician. See Grady v. Amrep, Inc., 139 S.W.3d 585, 589 (Mo. Ct. App. 2004) (finding plaintiff's damage resulting from exposure to a toxic chemical was sustained and capable of ascertainment when she began experiencing symptoms and knew what had caused them, not when she was diagnosed with Chemical Sensitivities Syndrom); Newton v. B.P.S. Guard Servs., Inc., 833 S.W.2d 14, 16 (Mo. Ct. App. 1992) (determining that damages resulting from a gun shot were ascertainable at the moment of injury, not when plaintiff was diagnosed with paralysis of certain nerves).

    Applying these standards to this case, I find that Midkiff's damage was capable of ascertainment by a reasonably prudent person before August 21, 2003. Although no individual fact is dispositive, the cumulative facts make this conclusion clear.

Dr. Tuteur diagnosed Midkiff with "physiologically and radiographically significant silicosis" on August 2, 2002. In his diagnosis report, Dr. Tuteur explained that Midkiff's work place environment and exposure to silica dust contributed to this injury. He also recommended that Midkiff be reassigned and protected from further exposure of to the inhalation of silica material. This diagnosis and explanation would place a reasonably prudent person on notice not only of a potential injury but of a potentially *actionable* injury. Midkiff's actions in 2002 and 2003 indicate that he was on notice of this potentially actionably injury. Despite the fact that Dr. Breite disagreed with Midkiff's silicosis diagnosis on August 14, 2002, Midkiff reported Dr. Tuteur's diagnosis to his personal physician on February 4, 2003 and August 18, 2003.[2]

Moreover, Midkiff applied for Workers' Compensation on July 7, 2003 for his occupational injury of silicosis. Midkiff argues that this event should not be dispositive on the statute of limitations issue. While it is not dispositive, Midkiff's decision to claim Workers' Compensation based on silicosis indicates that Midkiff had actual notice of the possibility that he had silicosis.

---

[2] Midkiff claims he was unsure of his diagnosis until he learned of Dr. Ojile's diagnosis on September 10, 2003. In an affidavit, he explained that when he reported Dr. Tuteur's conclusions to his physician, he was reporting "what the doctor 'said' not that [he] actually had the illness." As I explain later in this order, however, a plaintiff's subjective discovery of his illness is not when a cause of action begins to accrue.

Midkiff's argument that his cause of action accrued when Dr. Ojile diagnosed him with silicosis misapplies the capable of ascertainment standard. Missouri has not adopted a "discovery" test to trigger the statute of limitations. Powel, 197 S.W.3d at 580–81. Moreover, the Missouri Supreme Court has rejected a subjective test for determining when an injury was "capable of ascertainment." Id. at 581 ("'This is not what the legislature did and it is not for us to rewrite the statute to so provide.'" (quoting Jepson v. Stubbs, 555 S.W.2d 307, 313 (Mo. 1977))). As a result, it is not relevant when Midkiff became convinced of his injury.

I find that David Midkiff's silicosis was sustained and capable of ascertainment by a reasonably prudent person before August 21, 2003. Because Midkiff filed his complaint more than five years after his cause of action accrued, his claim is barred as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant 3M's Motion for Summary Judgment [#36] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Mine Safety Appliances' Motion for Summary Judgment [#55] is **GRANTED**.

Dated this 26th Day of April, 2010.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE